# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL ACTION NO. 4:20-CR-00110- |
| § | SDJ-KPJ |
| ANTONIO SORIA BELTRAN (1) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Antonio Soria Beltran's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on May 8, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Heather Rattan.

Defendant was sentenced on April 8, 2021, before The Honorable Sean D. Jordan of the Eastern District of Texas after pleading guilty to the offense of Illegal Alien in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of I, was 12 to 18 months. Defendant was subsequently sentenced to 12 months and 1-day imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include deportation, remaining outside the United States, submission of financial information, substance abuse testing and treatment, and a $100 special assessment. On April 14, 2021, Defendant completed his period of imprisonment and began service of the supervision term following deportation to Mexico (Dkt. #61 at p. 1, Sealed).

On June 29, 2023, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #58, Sealed). The Petition asserts that Defendant

violated two (2) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant shall not commit another federal, state, or local crime; and (2) <u>Special Condition</u> As a condition of supervised release, immediately upon release from confinement, Defendant must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq*. If ordered deported, Defendant must remain outside of the United States. In the event Defendant is not deported, or for any reason re-enters the country after having been deported, Defendant must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country. (Dkt. #58 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On or about June 1, 2023, Defendant was found to be in the United States without consent for re-entry after having been deported on or about April 26, 2021. On June 15, 2023, Defendant was indicted for violating 8 U.S.C. § 1326, Illegal Reentry after Removal, in case number 4:23-CR-142 filed in the Eastern District of Texas; and (2) Defendant failed to remain outside the United States after having been deported to Mexico on or about April 26, 2021, as evidence by his arrest on June 1, 2023. (Dkt. #58 at pp. 1–2).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1 and 2 of the Petition. Having considered the Petition and the plea of true to allegations 1 and 2, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of five (5) months to be served consecutively to any term of imprisonment imposed in 4:23-CR-142, with no term of supervised release to follow.

The court also recommends that Defendant be housed in a Bureau of Prisons facility in the Fort Worth, Texas area, if appropriate.

**SIGNED this 31st day of May, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE